IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION 07-00066-KD |
| ) | |
| GLENDA GUADALUPE FLORES, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant Glenda Guadalupe Flores' motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines. (Doc. 93).

I.  Background

In 2007, Flores pled guilty to conspiracy to possess with intent to distribute cocaine (Count 1). She was held accountable for less than 50 kilograms of cocaine. At sentencing, her base offense level was determined as 34. *See U.S. Sentencing Guidelines Manual* § 2D1.1(c)(3) (2007) (Drug Quantity Table) ("At least 15 KG but less than 50 KG of Cocaine" results in a base offense level of 34). With a criminal history category of II, her guideline range was 168 to 210 months. The offense carried a statutory mandatory minimum sentence of 120 months.

The government filed a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines and moved for a sentence reduction of twenty-five percent (25%) off the low end of 168 months, down to 126 months. (Doc. 80).[1] The motion was granted and Flores was sentenced to 120 months. (Doc. 89).

Now, application of Amendment 782 would result in a new base offense level of 32. *See U.S. Sentencing Guidelines Manual* § 2D1.1(c)(4) (Nov. 1, 2014) (Drug Quantity Table)

---

[1] The government clarified at sentencing that it was not moving pursuant to 18 U.S.C. § 3553(e).

(applying level 32 where defendant is held accountable for "At least 15 KG but less than 50 KG of Cocaine"). With a criminal history category of II, her guideline range is lowered to 135 to 168 months. Applying a comparable 25% reduction[2] from the low-end of the recalculated guideline range would yield a reduced sentence of approximately 101 months, which is below the statutory mandatory minimum of 120 months.

However, because the government declined to file a substantial assistance motion under 18 U.S.C. § 3553(e), Flores is not receiving the full benefit of her substantial assistance. Accordingly, because Flores is no longer receiving a 25% reduction, Flores alleges that the government's failure to file a §3553(e) motion at this juncture (which would permit the Court to sentence Flores below the mandatory minimum) amounts to a breach of the plea agreement.

II.     Analysis

Generally, the Court is without authority to reduce Flores' sentence below the statutory mandatory minimum because the government did not move for a downward departure pursuant to 18 U.S.C. § 3553(e). U.S.S.G. § 1B1.10, cmt. (n.3); U.S.S.G. § 1B1.10(b)(2)(B); *See United States v. Camille*, 579 Fed. Appx. 814, 818 (11th Cir. 2014) ("A district judge is not authorized to sentence a defendant below the statutory mandatory minimum, unless the Government filed a substantial-assistance motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 ..."). Further, the Eleventh Circuit recently held:

> A district court may modify a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."§ 3582(c)(2). A modification under § 3582(c)(2), however, "does not constitute a de novo resentencing." *United States v. Bravo,* 203 F.3d 778, 781 (11th Cir.2000). Rather, in addressing whether a defendant is eligible for a reduced sentence under § 3582(c)(2), a district court

---

[2] "In making such determination, the court shall substitute only the amendments listed in subsection (d) [here, Amendment 782] for the corresponding guideline provisions that were applied when the defendant was sentenced *and shall leave all other guideline application decisions unaffected.*" U.S.S.G. § 1B1.10(b)(1) (bracketed text and italics added).

considers only the effect of the applicable guideline amendment, leaving "*all original sentencing determinations ... unchanged.*" *Id.* (emphasis in original). As a result, even if a retroactive amendment alters a defendant's offense level, he is ineligible for § 3582(c)(2) relief if the amendment would "not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. n. 1(A). *See also United States v. Glover,* 686 F.3d 1203, 1207–08 (11th Cir.2012) (concluding that the district court did not have the authority to reduce the defendant's sentence under Amendment 750 because the sentence was based on a mandatory minimum sentence of life imprisonment); *United States v. Mills,* 613 F.3d 1070, 1078 (11th Cir.2010) ("The law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum .").

*United States v. Burgess*, No. 14-15805, 2015 WL 5729545, at *1 (11th Cir. Oct. 1, 2015).

Therefore, despite the government's motion for a 25% reduction via § 5K1.1, the Court is without authority to apply a comparable reduction, because to do so would reduce Flores' sentence below the statutory mandatory minimum and the government has not filed a motion pursuant to § 3533 (e), which would permit the Court to do so.

The issue is whether the Government's failure to file a motion pursuant to § 3533(e) results in a breach of its plea agreement with the Defendant. If a breach has occurred, the Court may order specific performance or permit the Defendant to withdraw her guilty plea. *United States v. Johnson*, 132 F.3d 628, 631 (11th Cir. 1998) (citing *Santobello v. New York,* 404 U.S. 257, 262 (1971). The Eleventh Circuit has given the following guidance when determining whether the government has breached an agreement.

> "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea." *United States v. Boatner,* 966 F.2d 1575, 1578 (11th Cir.1992). Accordingly, we "must decide whether the government's actions are inconsistent with what the defendant reasonably understood when he entered his guilty plea." *United States v. Al–Arian,* 514 F.3d 1184, 1191 (11th Cir. 2008) (quotation omitted). Moreover, because the sentencing court is not bound by the

3

> parties' agreements or recommendations, whether the government breached a plea agreement depends upon the government's conduct, not the conduct of the district court. *United States v. Johnson,* 132 F.3d 628, 630 (11th Cir.1998).
>
> We "must use objective standards to determine the disputed terms of a plea agreement." *In re Arnett,* 804 F.2d 1200, 1202 (11th Cir.1986). In interpreting a plea agreement, "a hyper-technical reading of the written agreement and a rigidly literal approach in the construction of the language, should not be accepted." *United States v. Rewis,* 969 F.2d 985, 988 (11th Cir.1992) (quotation omitted). In addition, "the written agreement should be viewed 'against the background of negotiations' and should not be read to 'directly contradic[t][an] oral understanding.' " *Id.* (alterations in original) (quotation omitted). "[A] plea agreement that is ambiguous must be read against the government." *Id.* (quotation omitted). However, when a plea agreement is unambiguous, we will not read into the agreement terms that were not agreed upon with specificity, even when the defendant misunderstood the agreement. *Al–Arian,* 514 F.3d at 1191–93; *In re Grand Jury Proceedings (Perdue),* 819 F.2d 984, 986–87 (11th Cir.1987). "Only where the language of the agreement is ambiguous, or where government overreaching is alleged does the court consider parole evidence," such as a plea hearing transcript. *Raulerson v. United States,* 901 F.2d 1009, 1012 (11th Cir.1990) (involving a habeas corpus petition).

*United States v. Lovett*, 601 F. App'x 787, 787-88 (11th Cir. 2015).

The Court finds that the plea agreement in this case is unambiguous. When Flores signed the plea agreement, she was aware that she was facing a mandatory minimum sentence of 120 months. Her expectation was that she would, at a minimum, be sentenced to 120 months. However, she also expected that if the government determined she had provided substantial assistance, she would be rewarded. The plea agreement states:

> If the defendant provides full, complete, truthful and substantial cooperation to the United States, which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense, a decision specifically reserved by the United States in the exercise of its sole discretion, then the United States agrees to move for a downward departure in accordance with Section 5Kl.l of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, whichever the United States deems applicable. The United States specifically reserves the right to make the decision relating to the extent of any such departure request made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation.

(Doc. 37 at 6-7).

At the time the parties entered into the plea agreement, there was no definitive

expectation of either a departure, or the amount to be assigned in the event the government determined that Flores had provided substantial assistance. However, thereafter the government determined that Flores had provided substantial assistance and ascribed a value to that assistance of 25% off the low end of the guidelines. (Doc. 80). The Court finds that this determination of substantial assistance and the ascribed value of such became a part of the agreement with the Flores. Unfortunately, now that the guidelines have been lowered, the government declines to honor their determination that Flores' assistance was worth a 25% percent reduction from the calculated guidelines. In its defense, the government argues that it does not have jurisdiction to file a § 3553(e) motion at this stage of the proceedings. (Doc. 102 at 7, n.1).

The Court first notes that the lack of jurisdiction was not the position taken by the Department of Justice in *United States v. Williams*, 103 F.3d 57 (8th Cir. 1996). In that case, the Department of Justice moved for a reduction under § 3553(e) in a § 3582(c)(2) proceeding so that the defendant could receive the benefit of his previous bargain regarding cooperation. Thus, in the past the Department of Justice has determined that it does have jurisdiction to file a § 3553(e) motion in the context of a § 3582(c)(2) proceeding. Specifically, in *Williams*, Eighth Circuit explained:

> The government urged the district court to reduce Williams's sentence to 106 months to reflect the assistance he had provided pre- and post-sentencing. The government explained that Williams's 131-month sentence represented a 55% reduction from the bottom of the original Guidelines range, that applying Amendment 505 would produce a range of 235 to 293 months, and that a 55% reduction from the bottom of that range would yield a 106-month sentence. As such a sentence was below the 120-month statutory minimum, the government further explained that it had not moved for a reduction below the statutory minimum either at sentencing under 18 U.S.C. § 3553(e) or in conjunction with its Rule 35(b) motion, because it had believed Williams would still be subject to the statutory minimum sentence "even after the requested reductions." Therefore, in light of Amendment 505, the government moved under section 3553(e) to permit the court to reduce Williams's sentence below the statutory minimum.

*Id.* at 58.

Next, this Court agrees with the Eighth Circuit that

> In order that a defendant may receive the full benefit of both a change in sentencing range *and* the assistance the defendant has previously rendered, we conclude that the government may seek a section 3553(e) reduction below the statutory minimum in conjunction with a section 3582(c)(2) reduction. Section 3553(e) contains no time limitation foreclosing such a conclusion.

*Williams* at 58-59 (emphasis in original). In fact, the need for recognizing substantial assistance when re-sentencing under § 3582(c)(2) is specifically recognized in United States Sentencing Guideline § 1B1.10(b)(2)(B)(Nov. 2014). This section provides:

> (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

Thus, the Court concludes that the government has no jurisdictional bar to honoring its commitment. At this point, the government can either accept this ruling and file a motion pursuant to § 3553(e) or notify the Court within seven (7) days that it takes exception to the Court's determination. In the event of the latter, the Court will issue an Order requiring specific performance from which the government may take an interlocutory appeal if it chooses.

**DONE** and **ORDERED** this **6th** day of **November 2015**.

                                       s/ Kristi K. DuBose
                                       **KRISTI K. DuBOSE**
                                       **UNITED STATES DISTRICT JUDGE**