IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL ACTION 07-00066-KD |
| | ) |
| GLENDA GUADALUPE FLORES, | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Glenda Guadalupe Flores' motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines. (Doc. 93).

In 2007, Flores pled guilty to conspiracy to possess with intent to distribute cocaine (Count 1). She was held accountable for less than 50 kilograms of cocaine. At sentencing, her base offense level was determined as 34. *See U.S. Sentencing Guidelines Manual* § 2D1.1(c)(3) (2007) (Drug Quantity Table) ("At least 15 KG but less than 50 KG of Cocaine" results in a base offense level of 34). With a criminal history category of II, her guideline range was 168 to 210 months. The offense carried a statutory mandatory minimum sentence of 120 months.

The government filed a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines and moved for a sentence reduction of twenty-five percent (25%) off the low end of 168 months, down to 126 months. (Doc. 80).[1] The motion was granted and Flores was sentenced to 120 months. (Doc. 89).

Now, application of Amendment 782 would result in a new base offense level of 32. *See U.S. Sentencing Guidelines Manual* § 2D1.1(c)(4) (Nov. 1, 2014) (Drug Quantity Table) (applying level 32 where defendant is held accountable for "At least 15 KG but less than 50 KG of Cocaine"). With a criminal history category of II, her guideline range is lowered to 135 to 168 months.

---

[1] The government clarified at sentencing that it was not moving pursuant to 18 U.S.C. § 3553(e).

Applying a comparable 25% reduction[2] from the low-end of the recalculated guideline range would yield a reduced sentence of approximately 101 months, which is below the statutory mandatory minimum of 120 months.

However, because the government declined to file a substantial assistance motion under 18 U.S.C. § 3553(e), Flores is not receiving the full benefit of her substantial assistance. Accordingly, because Flores is no longer receiving a 25% reduction, Flores alleges that the government's failure to file a §3553(e) motion at this juncture (which would permit the Court to sentence Flores below the mandatory minimum) amounts to a breach of the plea agreement.

On November 6, 2015, the Court entered an order detailing its view that the government's failure to file a motion pursuant 18 U.S.C. §3553(e) results in a breach of its plea agreement with Flores. (Doc. 103, incorporated by reference). The Court concluded by providing the government with the opportunity to file such a motion and the government has objected to doing so. (Doc. 104).

If a breach has occurred, the Court may order specific performance or permit the Defendant to withdraw her guilty plea. *United States v. Johnson*, 132 F.3d 628, 631 (11th Cir. 1998) (citing *Santobello v. New York,* 404 U.S. 257, 262 (1971). The Court finds that the government's failure to file a motion pursuant 18 U.S.C. §3553(e) results in a breach of its plea agreement with Flores. Accordingly, on or before **November 25, 2015**, the government is **ORDERED** to file a motion pursuant to 18 U.S.C. § 3553(e), which would permit Flores to receive the benefit of her bargain, to which she is entitled under the terms of the plea agreement.

**DONE** and **ORDERED** this **18th** day of **November 2015**.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] "In making such determination, the court shall substitute only the amendments listed in subsection (d) [here, Amendment 782] for the corresponding guideline provisions that were applied when the defendant was sentenced *and shall leave all other guideline application decisions unaffected.*" U.S.S.G. § 1B1.10(b)(1) (bracketed text and italics added).